

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*                                                                           *Telephone (202) 353-3527*
*P.O. Box 7415*                                                                               *Facsimile (202) 353-1873*
*Washington, DC  20044*

## VIA CM/ECF

September 19, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

        Re:    Defendants' Response to Plaintiff's Rule 28(j) citation of supplemental authority for *Prutehi Litekyan: Save Ritidian v. U.S. Department of the Air Force, et al.*, 9th Cir. 22-16613 <u>**Oral Argument Scheduled October 6, 2023**</u>

Dear Ms. Dwyer:

      Defendants respond to Plaintiff's 28(j) letter providing notice of amendments to the National Environmental Policy Act (NEPA) enacted by Congress as part of the Fiscal Responsibility Act (FRA), Pub. L. 118-5.

      These provisions of the FRA are not retroactive and do not apply here. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments … will not be construed to have retroactive effect unless their language requires this result."). This Court has held that review of agency action focuses on whether the agency complied with the statute applicable at the time of the decision, not a later amendment to the statute, absent an indication the statute applies retroactively. *Corrigan v. Haaland*, 12 F.4th 901, 908 n.3 (9th Cir. 2021). Plaintiff's (unsupported) theory is that it challenges a "decision" made in 2021, Reply Br. 1, and thus the question is whether Defendants violated NEPA as it existed then.

Even Plaintiff does not contend that the FRA applies, but that it should inform the Court's interpretation of NEPA in 2021. But "the view of a later Congress cannot control the interpretation of an earlier enacted statute." *O'Gilvie v. United States*, 519 U.S. 79, 90 (1996); *Almendarez-Torres v. United States*, 523 U.S. 224, 237 (1998) ("[L]ater enacted laws… do not declare the meaning of earlier law."). The contrary language in *Red Lion Broad. Co. v. FCC*, 395 U.S. 367, 380-81 (1969) (quoted by Plaintiff), was not necessary to the holding and has been distinguished and interpreted narrowly in subsequent case law.

The FRA's implications for whether NEPA applies to a post-FRA RCRA permitting process should be addressed in a case when the FRA applies. In any event, Plaintiff's description of the amendments inserts limiting language that does not appear in the statute. Plaintiff also omits the provision that an agency need not "prepare an environmental document … if … the proposed agency action is excluded pursuant to … another provision of law," 42 U.S.C. § 4336(a)(2), such as the longstanding EPA regulation that NEPA does not apply to RCRA permitting, codified at 40 C.F.R. § 124.9(b)(6).

    Sincerely,

    */s/ Robert P. Stockman*

    ROBERT P. STOCKMAN
    Attorney
    Environment and Natural Resources Division
    U.S. Department of Justice
    Post Office Box 7415
    Washington, D.C. 20044
    (202) 353-3527
    Robert.Stockman@usdoj.gov
    Counsel for Federal Appellees

cc: Counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

  This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because, excluding the parts of the document exempted by Rule 32(f), the document contains 346 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

         */s/ Robert P. Stockman*

         ROBERT P. STOCKMAN
         Attorney
         Counsel for Federal Appellees