No. 22-16613

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PRUTEHI LITEKYAN: SAVE RITIDIAN,
*Plaintiff/Appellant*,

v.

UNITED STATES DEPARTMENT OF THE AIR FORCE; GARY A. ASHWORTH, Acting Secretary of the Air Force; UNITED STATES DEPARTMENT OF DEFENSE; PETE HEGSETH, Secretary of Defense,[1]
*Defendants/Appellees*.

Appeal from the United States District Court of Guam
No. 1:22-cv-00001 (Hon. Frances Tydingco-Gatewood)

**FEDERAL APPELLEES' MOTION FOR EXTENSION OF TIME FOR FILING POSSIBLE PETITION FOR REHEARING OR PETITION FOR REHEARING EN BANC**

Pursuant to Fed. R. App. P. 26(b), Federal Appellees respectfully move for an additional 30 days—until April 30, 2025—in which to file any petition for panel rehearing and/or rehearing *en banc*. On February 13, 2025, 16 months after oral argument, the panel issued a 42-page majority opinion in this case, accompanied

---

[1] The successors in office of named public officials are automatically substituted as parties. *See* Fed. R. App. P. 43(c)(2).

1

by a lengthy dissent. Any petition for rehearing or rehearing *en banc* is currently due on March 31, 2025. Fed. R. App. P. 40(d). This is the first extension of time sought by the Federal Appellees on this petition. The Federal Appellees have consulted with counsel for Plaintiff-Appellant, David Henkin, who has indicated that Appellant opposes this motion and intends to file an opposition.

    The Court may grant a motion for an extension of time upon a showing of "good cause." Fed. R. App. P. 26(b). "'Good cause' … has been construed broadly across procedural and statutory contexts." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (interpreting "good cause" for extensions under Fed. R. Civ. P. 6(b)(1)). Reasonable requests for extensions of time should generally be granted "[w]here, as here, there is no indication of bad faith, prejudice, or undue delay." *See id.* at 1263.[2] The attached declaration of Robert P. Stockman, Attorney, Appellate Section, Environment and Natural Resources Division, Department of Justice, explains in detail the circumstances giving rise to the Federal Appellees' good cause for an extension.

---

[2] To the extent Plaintiff may suggest that this extension will prejudice it in potentially delaying the district court's resolution of the merits of this case and thus any potential remedies Plaintiff would seek, under such a theory of prejudice, almost every extension by a defendant would be prejudicial. Plaintiff did not seek to expedite this case, and Plaintiff sought and received a 30-day extension on its reply brief. The Federal Appellees have no desire to *unduly* delay the proceedings, and this extension will not do so.

Briefly, the Federal Appellees have not yet completed the process for determining whether they will seek rehearing. Seeking Department of Justice approval to file a petition for panel rehearing or rehearing *en banc* is a complex and lengthy process. That internal process includes the preparation of separate written recommendations by various interested government agencies and the Appellate Section of the Environment and Natural Resources Division of the Department of Justice. The Assistant Attorney General considers those recommendations and then, if appropriate, submits the matter to the Office of the Solicitor General for a separate review and recommendation process. Moreover, as this Court is aware, its opinion involves several legal rulings that may touch on numerous federal agencies' interests, and the complexity of the matter also has required additional time for consideration.

Although undersigned counsel has worked diligently on the recommendation process, that process will not be completed by the current March 31, 2025 deadline. An extension of time would promote more thoughtful consideration of the federal government's decision whether to pursue further review and thus would be desirable as a matter of public policy. *Cf. United States v. Mendoza*, 464 U.S. 154, 161 (1984) (discussing the federal government's unique considerations taken into account by the Solicitor General in deciding whether to pursue further review of adverse decisions).

For these reasons and those set out in the following Declaration, including the other case obligations of the undersigned, the Federal Appellees respectfully request a 30-day extension of the deadline to file a petition for rehearing or rehearing *en banc*.

Respectfully submitted,

/s/Robert P. Stockman
ROBERT P. STOCKMAN
*Attorney for Federal Appellees*
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7415 Ben Franklin Station
Washington, DC 20044
202-353-3527
robert.stockman@usdoj.gov

March 22, 2025
DJ # 90-1-4-16213

## DECLARATION OF COUNSEL IN SUPPORT OF
## MOTION FOR EXTENSION OF TIME

I, Robert P. Stockman, declare pursuant to 28 U.S.C. § 1746 as follows:

1.  I am an attorney in the Appellate Section, Environment and Natural Resources Division (ENRD), United States Department of Justice. I am the lead attorney representing the Federal Appellees in this matter.

2.  On February 13, 2025, the Court issued published opinions in this case consisting of a 42-page majority opinion, accompanied by a lengthy dissent.

3.  Any petition for rehearing or rehearing *en banc* is currently due on March 31, 2025. With an extension of 30 days, the new deadline would be April 30, 2025.

4.  This is the first extension of time on this petition requested by the Federal Appellees.

5.  Despite my exercise of diligence, the Federal Appellees are unable to meet the current deadline for filing a possible petition for rehearing or rehearing *en banc* due to the complex and lengthy approval process required for such petitions, the complexity of the legal issues, and pressing obligations in other cases.

6.  Seeking Department of Justice approval to file a petition for rehearing or rehearing *en banc* is a complex and lengthy process. The Federal Appellees need an additional 30 days to accommodate consultation with various federal agencies that may be affected by the panel's decision, which concerns judicial

review under the Administrative Procedure Act (APA), standing and ripeness, and the interaction of the National Environmental Policy Act (NEPA) and the Resource Conservation and Recovery Act (RCRA).

7. Any petition for rehearing *en banc* from this ruling would also have to be authorized by the Solicitor General of the United States. *See* 28 C.F.R. § 0.20(b). That internal process includes, at a minimum, the preparation of separate written recommendations by the Department of Defense, the U.S. Department of the Navy, the Environmental Protection Agency, and the Appellate Section of ENRD of the Department of Justice. These recommendations are submitted to the Assistant Attorney General for his consideration. The entire matter is then submitted to the Office of the Solicitor General, where it is typically reviewed as an initial matter by an Assistant to the Solicitor General, who prepares another written recommendation. It is then reviewed by a Deputy Solicitor General before the matter is placed before the Solicitor General, who makes the final decision whether to pursue rehearing *en banc*. Due to the complexity of this case and the interagency coordination needed to consider these issues, the Federal Appellees will need additional time to complete the internal deliberation process required for the Solicitor General's decision.

8. While relevant personnel for the federal government have been diligently engaged in this review and consultation process and have made

significant progress, due to other commitments of Department of Justice and agency counsel, the Federal Appellees reasonably need an additional 30 days within which to complete the review process and draft and file a petition for rehearing or rehearing *en banc*, should the Solicitor General determine that either is warranted.

9. Additional time is also needed because the undersigned lead counsel for the Federal Appellees has devoted and must continue to devote substantial time to other pending matters that have required, and which continue to require, my immediate attention. Due to these obligations, it will not be possible for me to prepare both the relevant recommendation memorandum and the petition, should the Solicitor General determine that such is warranted, by the current deadline of March 31, 2025, despite my exercise of due diligence to meet that deadline.

10. Between the date the Court issued the decision in this case and the current deadline for filing any rehearing petitions, I have been responsible for several other pending matters, including:

(a) evaluating and preparing a recommendation regarding the government's position on appeal in *Western Watersheds Project, et al v. Debra Haaland, et al*, (9th Cir. No. 21-35671), as lead government counsel;

(b) advising the Department and clients in a variety of other appeals relating to that 9th Circuit appeal, including *Montana Wildlife Federation, et al v. Deb*

3

*Haaland, et al*, and *Western Watersheds Project et al v. Deb Haaland, et al*, (9th Cir. Nos. 20-35609, 20-35614, 20-35615, 20-35293, 20-35291, 20-35294), in which this Court issued a lengthy opinion partially adverse to the federal defendants on January 17, 2025 (with the relevant deadline for rehearing of March 3, 2025);

(c) evaluating and advising the Department and client agencies as lead appellate counsel with respect to issues arising from recently filed appeals in a CERCLA case, *United States v. Alden Leads Inc., et al*, (3rd Cir. Nos. 25-1049, 25-1272);

(d) serving as a senior reviewer on an answering brief filed on March 14, 2025, in *City of Malibu v. Federal Aviation Administration, et al.*, and *City of Culver City v. Federal Aviation Administration, et al.*, (9th Cir. Nos. 24-2477, 24-2503), and an answering brief filed on March 17, 2025, in *Berkey International, LLC v. U.S. Environmental Protection Agency*, (1st Cir. No. 24-1917); and

(e) assisting government counsel in preparing for oral arguments in *United States v. Ernst Jacob GmbH & Co. KG, et al*, (1st Cir. 23-1969), held on March 4, 2025, *United States v. New Mexico Environment Department, et al*, (10th Cir. 22-2132), held on March 18, 2025, and *Purgatory Recreation I, et al v. United States, et al*, (10th Cir. 24-1241), held on March 18, 2025.

11. Significant time is also required for review and approval of any petition, should the Solicitor General determine that such is warranted. The Department of Defense, U.S. Department of the Air Force, U.S. Department of the Navy, U.S. Environmental Protection Agency, and other interested federal agencies need time to weigh in on any draft petition prior to filing. Within the Department of Justice, additional time is needed so that the Natural Resources Section and the Office of the Assistant Attorney General for ENRD may review and approve any petition. The requested extension is necessary to facilitate a full review of any petition before it is filed.

12. The Appellate Section of ENRD is modest in size given its responsibilities to the various Courts of Appeals, other sections within ENRD, and the Solicitor General's office. Moreover, reassignment to a new appellate attorney at this stage would only increase the need for an extension of time because that attorney would need time to learn the relevant facts and law.

13. For the foregoing reasons, I am unable to meet the current deadline for filing petitions for rehearing or rehearing *en banc*. I have worked and will continue to work diligently to ensure that the Federal Appellees' rehearing petition, if authorized by the Solicitor General, will be filed within the additional time requested.

14. Undersigned counsel has consulted counsel for Plaintiff, David Henkin. He has informed undersigned counsel that Plaintiff opposes the motion and intends to file an opposition.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/Robert P. Stockman
ROBERT P. STOCKMAN
*Attorney for Federal Appellees*
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7415 Ben Franklin Station
Washington, DC 20044
March 22, 2025                    202-353-3527
DJ # 90-1-4-16213                 robert.stockman@usdoj.gov

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This motion contains <u>579 words</u>, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and the declaration in support contains <u>1,155 words</u>, and accordingly complies with the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), per Federal Rule of Appellate Procedure 27(d)(1)(E).

This motion has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

/s/Robert P. Stockman
ROBERT P. STOCKMAN